Colin P. King (Utah State Bar No. 1815)
E-mail:  cking@dkolaw.com
Dustin Lance (Utah State Bar No. 8804)
E-mail:  dlance@dkolaw.com
DEWSNUP, KING & OLSEN
36 South State Street, Suite 2400
Salt Lake City, Utah  84111-0024
Telephone:  (801) 533-0400
 Attorneys for Plaintiffs

_____

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| CRAIG VON COLLENBERG and KATHERINE VON COLLENBERG, husband and wife and guardians and next friends of JOHN DOE 1, a minor; MARK HAWKS and KIM HAWKS, husband and wife and guardians and next friends of JOHN DOE 2, a minor; and ALISON PAINE, guardian and next friend of JOHN DOE 3, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>SILVERADO ACADEMY, LLC,<br><br>Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Civil No. _____<br><br>Judge: _____ |

The plaintiffs, Craig von Collenberg and Katherine von Collenberg, husband and

wife and guardians and next friends of John Doe 1, a minor; Mark Hawks and Kim

Hawks, husband and wife and guardians and next friends of John Doe 2, a minor; and

Alison Paine, guardian and next friend of John Doe 3, a minor, complain of the defendant and allege as follows:

## PARTIES AND JURISDICTION

1.      Plaintiffs Craig von Collenberg and Katherine von Collenberg are husband and wife and parents, guardians and next friends of plaintiff John Doe 1, a male minor. The von Collenbergs are citizens of Nevada.

2.      Plaintiffs Mark Hawks and Kim Hawks are husband and wife and parents, guardians and next friends of John Doe 2, a male minor.  The Hawkses are citizens of Georgia.

3.      Plaintiff Alison Paine is the mother, guardian and next friend of plaintiff John Doe 3, a male minor.  Ms. Paine and her son are citizens of Michigan.

4.      The defendant, Silverado Academy, LLC, is a limited liability company organized and existing under the laws of the State of Utah with its principal place of business in Panguitch, Garfield County, Utah.

5.      The amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      This Court has jurisdiction of this case under 28 U.S.C. § 1332.

2

## GENERAL ALLEGATIONS

7.      The defendant, Silverado Academy, LLC, operates a clinical boarding school offering residential care for troubled teenagers between ages 13 and 18 in Garfield County, Utah.

8.      The program costs in the range of $4,000 to $7,000 a month.

9.      Silverado Academy requires families to make a minimum commitment of six months.  The length of the program, however, varies depending on a student's progress.  Successful program completion occurs when a student has achieved all levels of the academy's "TRUST" program and has spent time as a transition student.

10.      On information and belief, the academy has discretion to determine when a student has successfully completed each level of the "TRUST" program.

11.      The school advertises that it provides "a 'hands on' management team" with a "long tenure of behavioral health care experience" and a caring and committed staff.

12.       Students are assigned to a cabin, and each cabin is assigned a set of "coaches," along with a therapist.

13.      The coaches are placed in a position of trust over the teenagers in the program.

14.      On information and belief, sometime before 2010 the defendant hired Eric Allen Glosson, who had no formal training and no post-high school education, as a coach at the academy.

3

15.     On information and belief, the defendant terminated Mr. Glosson's employment after several months because of concerns it had that he was being too close to the teenagers in the program, or was otherwise inappropriate with the teenagers, given his supervisory role.

16.     In late 2010 or early 2011, the defendant rehired Mr. Glosson as a coach and athletic coordinator and again placed him in a position of trust over the teenagers in the program.

17.     Due to the absence of appropriate oversight, supervision and security policies, procedures and practices, Mr. Glosson was allowed to have repeated access to and time with individual students privately, in multiple locations and settings, including students over whom he was not a coach and had no supervisory duties.

18.     On multiple occasions, Mr. Glosson sexually abused numerous teenagers at the academy, including the minor plaintiffs, in Silverado's classroom, Glosson's living quarters, and the students' living quarters, among other places.

19.     Mr. Glosson used various means to discourage the students from saying anything about the abuse, including, but not limited to the threat of not recommending that a student be advanced in the program, bribery, physical force, intimidation, and deceit.

20.     Some time in late May or early June 2011, Mr. Glosson called law enforcement officials because a youth in Arizona was contacting him through Facebook and threatening to publicize alleged sexual abuse that Mr. Glosson had perpetrated on

the youth.  On information and belief, law enforcement officials came to Silverado Academy to investigate the complaint, and Silverado supervisors and/or management were aware of this incident and the claims involving Mr. Glosson.

21.     After this incident, the management of Silverado Academy took no action against Mr. Glosson and continued to allow him to work in close proximity to the teenagers in the program.

22.     At least two of the incidents of sexual assault that Mr. Glosson committed against the minor plaintiffs were committed after law enforcement officials visited the academy to investigate Mr. Glosson's complaint and the allegations against Mr. Glosson.

23.     When John Doe 1 reported Mr. Glosson's sexual assault to the academy's management, he was told not to say anything to his parents about the assault, during his Father's Day call to them on June 19, 2011.

24.     The academy offered to provide counseling services to those teenagers who desired counseling services but did not disclose to the teenagers or their families that the person the academy was offering to provide the services was an owner or otherwise aligned with  the defendant and therefore had a conflict of interest.

25.     As a proximate result of the acts and omissions of the defendant, the minor plaintiffs have suffered severe harms and injuries, including, but not limited to, physical pain and injuries; severe psychological, mental and emotional injuries including distress, fear, humiliation, injury to self-esteem, confusion, intimidation, and additional and other injuries.

26.    As a proximate result of the acts and omissions of the defendant, the adult plaintiffs have suffered injuries and damages, including severe fear, distress and other psychological and physical  injuries from learning of the degrading and shocking sexual abuses of their children at the hands of persons in whom they had put their trust and confidence; loss of their investments in the program; and the expenses involved in traveling to the academy and removing their children from the program.

27.    As a proximate result of the acts and omissions of the defendant, the plaintiffs have incurred or will incur in the future expenses for counseling, therapy and related care and treatment.

28.    The acts and omissions of the defendant manifested a knowing and reckless indifference toward, and a disregard of, the rights of plaintiffs and their minor children, entitling the plaintiffs to punitive damages.


**FIRST CAUSE OF ACTION**

29.    The plaintiffs incorporate by this reference the preceding averments as if fully set forth herein.

30.    The minor plaintiffs were placed by their parents (the adult plaintiffs) under the care, control, and supervision of the defendant and its staff.

31.    A fiduciary relationship existed between the defendant and the minor plaintiffs.  The defendant was responsible for the minor plaintiffs, stood in loco parentis,

acted as their caretaker, and was responsible for their care and safety while at the academy.

32. As a result of the fiduciary relationship between the defendant and the minor plaintiffs, the defendant owed them duties of honesty and fidelity and a duty to do no harm, to uphold their trust, to treat them with the utmost good faith, and to act for their benefit.

33. The defendant breached its fiduciary duties to the minor plaintiffs by violating their trust, causing them harm, and failing to act in their best interest and for their benefit by, among other things, placing them and allowing them to continue to be in a situation where they could be sexually abused by Mr. Glosson. The defendant further breached its fiduciary duties by discouraging the minor plaintiffs from telling their parents about the abuse, and by offering to provide counseling for the plaintiffs from someone who had an undisclosed conflict of interest.

34. The defendant's breaches of its duties as described above were a proximate cause of the plaintiffs' injuries and damages.

## SECOND CAUSE OF ACTION

35. The plaintiffs incorporate by this reference the preceding averments as if fully set forth here.

36. The defendant had a duty to adopt, implement, and act on appropriate and reasonable policies, procedures, and practices regarding the hiring, training, re-hiring,

supervision, and oversight of its staff, and regarding the safety and security of the children over whom it exercised  control and custody.

37.     The defendant breached its duties to implement and act on appropriate and reasonable policies, procedures, and practices regarding the hiring, training, re-hiring, supervision, and oversight of its staff, and regarding the safety and security of the children over whom it exercised  control and custody.

38.     The defendant's breaches of its duties as described above were  a proximate cause of the plaintiffs' injuries and damages.

## THIRD CAUSE OF ACTION

39.     The plaintiffs incorporate by this reference the preceding averments as if fully set forth here.

40.     The defendant owed the plaintiffs a duty to exercise reasonable care in investigating, hiring, training, re-hiring, retaining, and supervising Mr. Glosson.

41.     The defendant breached the duty that it owed to the plaintiffs by its negligence or recklessness in hiring, training, re-hiring and supervising Mr. Glosson.

42.     The defendant breached the duty that it owed to the plaintiffs.

43.     The defendant's breaches of its duties as described above were  a proximate cause of the plaintiffs' injuries and damages.

## FOURTH CAUSE OF ACTION

44.     The plaintiffs incorporate by this reference the preceding averments as if fully set forth here.

45.     The acts and omissions of the defendant unintentionally caused the plaintiffs emotional distress.

46.     The defendant should have realized that (a) its conduct involved an unreasonable risk of causing the distress and (b) the distress, if caused, might result in illness and psychological, emotional, and/or bodily harm.

47.     The plaintiffs have suffered illness or bodily harm as a proximate result of the defendant's acts or omissions.

## FIFTH CAUSE OF ACTION

48.     The plaintiffs incorporate by this reference the preceding averments as if fully set forth herein.

49.     The defendant's conduct was outrageous.

50.     The defendant acted with reckless disregard of the probability of causing the plaintiffs emotional distress.

51.     The plaintiffs have suffered severe physical, psychological, and emotional distress and injuries as a proximate result of the defendant's acts or omissions.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiffs pray for relief as follows:

a.      For damages for the plaintiffs' physical, mental, psychological and emotional pain and suffering, mental and emotional distress, discomfort, and loss of enjoyment of life, in amounts to be proved at trial;

b.      For damages for past and future expenses for counseling, therapy, and related care and treatment, in amounts to be proved at trial;

c.      For damages for the loss of plaintiffs' investments in the program;

d.      For the expenses involved in traveling to the academy and removing their children from the program;

e.      For punitive damages;

f.      For costs, expenses and attorney's fees associated with this proceeding to the extent allowed by law;

g.      For pre- and post-judgment interest to the extent allowed by law; and

h.      For such other relief as this Court deems just and proper under the circumstances.

**JURY DEMAND**

The plaintiffs hereby demand a trial by jury of all issues triable of right by a jury.

DATED this 23rd day of June, 2011.

/s/ Colin P. King
Colin P. King
Dustin Lance
DEWSNUP, KING & OLSEN
Attorneys for Plaintiffs

F:\DATA\SRiley\Silverado complaint.wpd