IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CRAIG VON COLLENBERG and KATHERINE VON COLLENBERG, husband and wife and guardians and next friends of JOHN DOE 1, a minor; MARK HAWKS and KIM HAWKS, husband and wife and guardians and next friends of JOHN DOE 2, a minor; ALISON PAINE, guardian and next friend of JOHN DOE 3, a minor; REGINA LASKY, an individual; S.L., an individual; LEE STOECKLE, an individual; and C.S., an individual, <br><br>Plaintiffs,<br><br>v.<br><br>SILVERADO ACADEMY, LLC,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:11-cv-574-DN-PMW<br><br><br><br><br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are the following discovery motions: Plaintiffs' motion to compel;[2] Defendant's motion to quash a subpoena;[3] Defendant's motion for examinations of Plaintiffs pursuant to rule 35 of the Federal Rules of Civil Procedure,[4] *see* Fed.

---

[1] *See* docket no. 38.

[2] *See* docket no. 36.

[3] *See* docket no. 47.

[4] *See* docket no. 55.

R. Civ. P. 35; and Defendant's motion to extend its expert report deadline.[5]  Also before the court is Plaintiffs' motion for leave to file a third amended complaint.[6]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

### I. Discovery Motions

As noted above, the following discovery motions are before the court:  (A) Plaintiffs' motion to compel, (B) Defendant's motion to quash a subpoena, (C) Defendant's motion for examinations of Plaintiffs pursuant to rule 35, and (D) Defendant's motion to extend its expert report deadline.  After setting for the legal standards governing those motions, the court will address them in turn.

"The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion."  *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).  The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably

---

[5] *See* docket no. 56.

[6] *See* docket no. 39.

calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Advisory Committee Notes for the 2000 Amendments to rule 26 direct parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery. Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1). With respect to limiting discovery, rule 26(b)(2)(C)(iii) provides that

> [o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii).

In *In re Cooper Tire & Rubber Company*, 568 F.3d 1180 (10th Cir. 2009), the Tenth Circuit clarified that the 2000 Amendments to rule 26 "implemented a two-tiered discovery process; the first tier being attorney-managed discovery of information relevant to any claim or defense of a party, and the second being court-managed discovery that can include information relevant to the subject matter of the action." *Id*. at 1188. The Tenth Circuit further stated that

> when a party objects that discovery goes beyond that relevant to the claims or defenses, "the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." This good-cause standard is intended to be flexible. When the district court does intervene in discovery, it has discretion in determining what the scope of discovery should be. "[T]he actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the

> nature of the claims and defenses, and the scope of the discovery requested."

*Id*. at 1188-89 (quoting Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1)) (citations and footnote omitted) (alteration in original).

### A. Plaintiffs' Motion to Compel

In their motion to compel, Plaintiffs seek compelled responses from Defendant for certain discovery requests, both from their first set of discovery requests and their second set of discovery requests. The court will address the requests at issue below.

Before reaching the requests, however, the court notes that Plaintiffs have presented arguments concerning only whether the discovery requests at issue seek information that is relevant. Plaintiffs have not presented any arguments on the issue of whether there is good cause to support expanding the scope of discovery to include not just information that is relevant to the claims and defenses in this case, but also information that is relevant to the subject matter of this case. *See id*. Accordingly, the court will not reach that issue. Instead, the court will focus only on whether the information sought by the discovery requests is relevant to the claims and defenses in this case. *See id*.

### 1. Plaintiffs' First Set of Discovery Requests

Plaintiffs seek compelled responses from Defendant for the following discovery requests from their first set of discovery requests: Interrogatories No. 1-3, 9-14; and Requests for Production No. 3 and 8. The court will address those discovery requests, grouping them together by subject matter when appropriate.

### a. Interrogatories No. 1-2

Interrogatory No. 1 asks Defendant to identify each owner, officer, director, and employee of Defendant from 2008 to the present.  Interrogatory No. 2 asks Defendant to provide the hire date, end employment date, job description, and immediate supervisor of each person identified in Interrogatory No. 1.  Defendant objected to these interrogatories as being overly broad, burdensome, unlimited as to time, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections, Defendant provided a response to Interrogatory No. 1, but identified only owners, officers, directors, and employees other than general staff.  Defendant provided no response to Interrogatory No. 2, but instead referred Plaintiffs to its objections to another interrogatory.

The court concludes that the information sought by these interrogatories is relevant to Plaintiffs' claims in this case.  The court concludes that Defendant's objections are not well taken and that its unilateral decision to omit general staff in its response to Interrogatory No. 1 was improper.  Further, the court concludes that Defendant should be required to respond to Interrogatory No. 2.  Accordingly, this portion of Plaintiffs' motion is granted.  Within thirty (30) days of the date of this order, Defendant shall provide full responses to Interrogatories No. 1 and 2.

### b. Interrogatory No. 3

Interrogatory No. 3 asks Defendant to identify all students who were at Defendant's facility from January 2008 to the present, including dates, ages, parents, home addresses, and telephone numbers for those students.  Defendant objected to this interrogatory as being overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further asserted, and reiterates in its response to Plaintiffs' motion to compel, that responding to this interrogatory would violate the privacy interests of former students.

The court agrees with Defendant's argument concerning the privacy interests of Defendant's former students. Further, the court concludes that the burden of the information sought by this interrogatory outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). Finally, the court has determined that requiring Defendant to identify all students, without regard to whether they experienced or witnessed any of the events that formed the basis for this lawsuit or any similar events, exceeds the bounds of relevance for purposes of discovery. Accordingly, this portion of Plaintiffs' motion is denied.

### c. Interrogatories No. 9-10

Interrogatory No. 9 asks Defendant to identify all persons, officers, directors, employees, and parents with knowledge of the inappropriate and/or illegal sexual activity by Eric Glosson ("Glosson"), the person who committed the alleged abuse in this case. Interrogatory No. 10 asks Defendant to identify the name, current or last-known address, and telephone number for each and every person who has or claims to have knowledge of any facts relevant to the issues in this lawsuit and to state in detail all such facts. Defendant objected to these interrogatories as being vague and ambiguous as to time and the nature of the knowledge. Subject to those objections, Defendant responded to Interrogatory No. 9 by stating that no employee of its facility other than Glosson was aware of Glosson's actions. Defendant further stated that some employees of its facility became aware of Glosson's actions after the fact, but none of them has personal knowledge of those facts or was a witness to the alleged abuse. Defendant provided no response to Interrogatory No. 10, but instead referred Plaintiffs to its responses and objections to

Interrogatories No. 9 and 11. Defendant's response and objections to Interrogatory No. 11 are substantively similar to Defendant's response and objections to Interrogatory No. 9.

The court concludes that Defendant's response to Interrogatory No. 9 is adequate. Put simply, the court cannot compel Defendant to produce information that it claims it does not possess. In addition, the court concludes that Defendant should not be required to respond to Interrogatory No. 10 because it is overly broad. It does not limit Defendant's response to individuals under Defendant's control or employ; instead, it asks Defendant to identify *each and every person* who has or claims to have knowledge of any facts relevant to the issues in this lawsuit. For these reasons, this portion of Plaintiffs' motion is denied. In order to confirm that Defendant has no responsive information to Interrogatory No. 9, Defendant shall, within thirty (30) days of the date of this order, provide Plaintiffs with an affidavit to that effect. By providing such an affidavit, Defendant is on notice that it may be precluded from using any later-discovered information that is responsive to Interrogatory No. 9 at trial, unless timely supplement to the request is provided to Plaintiffs.

### d. Interrogatories No. 11-12

Interrogatory No. 11 asks Defendant to state whether there have been, from 2008 to the present, any complaints of abuse or mistreatment of students of any nature, other than those made by Plaintiffs, against Defendant, its owners, its officers, its directors, and/or its employees. Interrogatory No. 12 asks Defendant, provided the answer to Interrogatory No. 11 was affirmative, to identify each and every person who made a complaint and provide, with specificity, the claims and complaints made. Defendant responded to Interrogatory No. 11 by stating that the only other complaints pertained to Glosson, and were not brought to light until

after Glossen's actions were first discovered by Defendant.  Defendant further responded to Interrogatories No. 11 and 12 by asserting that it was prohibited by the Health Insurance Portability and Accountability Act ("HIPAA") from disclosing any additional information without an appropriate court order.

The court concludes that the information sought by these interrogatories is relevant to Plaintiffs' claims in this case.  Accordingly, this portion of Plaintiffs' motion is granted.  Within thirty (30) days of the date of this order, Defendant shall provide full responses to Interrogatories No. 11 and 12, consistent with and pursuant to this court order.  However, Defendant's responses shall comply with any requirements imposed by HIPAA.  Further, Defendant's responses may be made subject to an appropriate protective order indicating that the information provided is to be used exclusively in this case.  If a protective order is to be used, the parties are directed to attempt to stipulate to such an order.  If the parties are unable to agree on an order, they may bring that issue before the court by way of an appropriate motion.

### e.  Interrogatories No. 13-14

Interrogatory No. 13 asks Defendant to identify all persons with whom any employee or agent of Defendant has had any form of communication with Glosson.  Interrogatory No. 14 asks Defendant to identify each and every document comprising or relating to all communications with the persons identified in Interrogatory No. 13. Among other reasons, Defendant objected to these interrogatories as being overly broad and unduly burdensome.

The court agrees with Defendant and concludes that these interrogatories are overly broad because that they seek information that exceeds what is relevant to Plaintiffs' claims in this case.  They are unlimited as to subject matter and seek information about *any* form of communications

with Glosson. Further, requiring Defendant to respond to these interrogatories would impose a substantial burden. The court concludes that said burden outweighs the likely benefit responses to the interrogatories would provide because the responses would surely include information about communications that have nothing to do with Plaintiffs' claims in this case. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). For those reasons, this portion of Plaintiffs' motion is denied.

### f.  Request for Production No. 3

Request for Production No. 3 asks Defendant to provide all of Defendant's financial documents, records, papers, and other writings or things, showing or indicating payments made or received from 2008 to the present. Defendant objected to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs are seeking damages from Defendant in this case. As such, the financial position and records of Defendant are relevant to Plaintiffs' claims. Accordingly, this portion of Plaintiffs' motion is granted. Within thirty (30) days of the date of this order, Defendant shall provide a full response to Request for Production No. 3. Defendant's responses may be made subject to an appropriate protective order indicating that the information provided is to be used exclusively in this case. If a protective order is to be used, the parties are directed to attempt to stipulate to such an order. If the parties are unable to agree on an order, they may bring that issue before the court by way of an appropriate motion.

### g.  Request for Production No. 8

Request for Production No. 8 asks Defendant to produce, for 2008 to the present, a complete set of any and all investigation reports, documents, records, papers, and other writings

or things showing or indicating complaints of any nature made against Defendant, its employees, or its staff.  Defendant responded to this request by stating that responsive documents are in the possession of a law enforcement officer.

The court concludes that this request is overly broad because it seeks information that would be clearly irrelevant to Plaintiffs' claims in this case.  The request is unlimited as to subject matter and asks for information about *any* investigations and complaints of *any nature*.  Requiring Defendant to fully respond to this request would require it to produce information about investigations or complaints that have no relation or relevance to Plaintiff's claims in this case.  For those reasons, this portion of Plaintiffs' motion is denied.

### 2. Plaintiffs' Second Set of Discovery Requests

Plaintiffs seek compelled responses from Defendant for all of the discovery requests contained in their second set of discovery requests.  Plaintiffs contend that Defendant has not objected or responded in any way to those requests.  In its response to Plaintiffs' motion, Defendant acknowledges that its responses to Plaintiffs' second set of discovery requests are past due.  Defendant asserts that because of various difficulties, it has been unable to provide responses.  Defendant maintains that it is working on providing responses as soon as possible.

It appears that Defendant has never requested an extension of time from Plaintiffs for providing responses to Plaintiffs' second set of discovery requests.  It also appears that Defendant has not provided preliminary responses that could be supplemented at a later date.  While the court understands that Defendant may be experience difficulties in obtaining information to respond to Plaintiffs' second set of discovery requests, it is not appropriate for Defendant to unilaterally decide when it will provide said responses.

Accordingly, this portion of Plaintiffs' motion is granted. Defendant shall provide full responses to Plaintiffs' second set of discovery requests within thirty (30) days of the date of this order, barring further order of this court.

### 3. Reasonable Expenses

As part of their motion to compel, Plaintiffs request an award of the reasonable expenses, including attorney fees, incurred in bringing their motion to compel. *See* Fed. R. Civ. P. 37(a)(5). Because Plaintiffs' motion to compel has been granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The court is not persuaded that an award of reasonable expenses for either party is appropriate or justified under the circumstances. Accordingly, Plaintiffs' request for an award of reasonable expenses is denied.

### B.  Defendant's Motion to Quash

In this motion, Defendant seeks to quash a subpoena allegedly served on Zions Bank by Plaintiffs seeking Defendant's banking and financial records. According to Plaintiffs, they served Defendant with notice of their intent to serve the subpoena on Zions Bank, as required by rule 45(b)(1) of the Federal Rules of Civil Procedure, but they never actually served the subpoena on Zions Bank. *See* Fed. R. Civ. P. 45(b)(1). As such, Plaintiffs argue that the court should deny Defendant's motion because there has been no subpoena issued and, therefore, there is no subpoena to quash.

The court agrees with Plaintiffs. Unless and until a subpoena is actually issued, there is simply nothing for this court to quash. Accordingly, Defendant's motion to quash is denied. If and when the subpoena is actually served on Zions Bank, Defendant is free to renew its motion.

### C. Defendant's Motion for Rule 35 Examinations

Defendant moves the court for an order requiring Plaintiffs to submit to mental examinations pursuant to rule 35. In relevant part, rule 35 provides:

> (a) Order for an Examination.
>
> > (1) *In General*. The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
> >
> > (2) *Motion and Notice; Contents of the Order*. The order:
> > (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
> > (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a)(1)-(2).

> Rule 35 . . . requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of "in controversy" and "good cause," which requirements . . . are necessarily related.

*Schlagenhauf v. Holder*, 379 U.S. 104, 118-119 (1964). The Tenth Circuit "reviews discovery decisions pertaining to Rule 35 examinations for an abuse of discretion." *Herrera v. Lufkin Indus.*, 474 F.3d 675, 688 (10th Cir. 2007).

In this case, the court concludes that Defendant has established both the "in controversy" and "good cause" requirements of rule 35. As Defendant has noted in its motion, Plaintiffs have put their metal conditions squarely at issue and in controversy in this case. Indeed, Plaintiffs'

most recent complaint alleges that Plaintiffs have suffered "severe psychological, mental and emotional injuries including distress, fear, humiliation, injury to self-esteem, confusion, intimidation, and additional and other injuries."[7] In the court's view, Defendant should not be required to rely upon depositions of Plaintiffs' health-care professionals to rebut Plaintiffs' claims concerning their mental states, as Plaintiffs contend they should. The court reminds Plaintiffs that they brought this lawsuit and put their mental conditions in controversy. As such, Defendant should be entitled to employ rule 35 examinations to rebut Plaintiffs' claims concerning their mental conditions.

For these reasons, Defendant's motion for rule 35 examinations is granted. The court directs the parties to meet and confer in an attempt to find a mutually agreeable time to conduct each of the rule 35 examinations. If those attempts are successful, Defendant shall submit to the court an order in compliance with rule 35(a)(2), which sets for the requirements for an order for rule 35 examinations. See Fed. R. Civ. P. 35(a)(2)(A)-(B). The court will then enter the order, and the examinations may proceed. If those attempts are unsuccessful, the parties may bring the issue before the court by way of an appropriate motion. The court admonishes counsel to make every possible effort to reach agreement on the details of the rule 35 examinations. Those efforts will ensure that the parties have some input with respect to those details, rather than leaving the decisions on those details to the court, with results that may not be to the liking of either Plaintiffs or Defendant.

---

[7] Docket no. 34 at ¶ 28.

### D. Defendant's Motion to Extend Expert Report Deadline

In this motion, Defendant seeks an extension of its expert report deadline.  Defendant contends that its experts will need the results of the rule 35 examinations to complete their reports and, accordingly, that it should have thirty (30) days from the date the rule 35 examinations are complete to submit its expert reports.

The court may extend deadlines in a case for good cause.  *See* Fed. R. Civ. P. 6(b), 16(b)(4).  Given the court's decision to allow the rule 35 examinations, the court concludes that Defendant has demonstrated good cause for extending its expert report deadline.  Accordingly, Defendant's motion is granted.  Defendant shall have thirty (30) days from the date the last rule 35 examination is complete to submit its expert reports.

### II. Plaintiffs' Motion for Leave to File Third Amended Complaint

In this motion, Plaintiffs seek leave of court to file a third amended complaint to add five additional parties in individual capacities and add an alter-ego claim.  Plaintiffs' motion for leave to amend their complaint is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 15(a)(2).  Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires."  *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

In response to Plaintiffs' motion, Defendant argues that (A) the alter-ego claim contained in Plaintiffs' proposed amended complaint is futile; (B) the addition of two of Defendant's employees, Josh Kellum ("Kellum") and Colin Adamson ("Adamson") has been unduly delayed; and (C) the addition of Kellum and Anderson is prejudicial.  The court will address those arguments in turn.

### A.  Futility

While the standard for leave to amend pleadings is liberal, it "is not limitless and must be balanced against Fed. R. Civ. P. 7(b)(1)." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).  Rule 7(b)(1) of the Federal Rules of Civil Procedure provides that any motion must "state with particularity the grounds for seeking the order . . . and . . . state the relief sought."  Fed. R. Civ. P. 7(b)(1)(B)-(C).  "[A] request for leave to amend must give adequate  notice to the district court and to the opposing party of the basis of the proposed amendment . . . ."  *Calderon*, 181 F.3d at 1186-87.  "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *e.spire Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004) (quotations and citations omitted).

Defendant argues that Plaintiffs' proposed alter-ego claim is futile because it is supported by vague and non-specific allegations and does not establish a viable alter-ego claim.  Defendant argues that the alter-ego cause of action is nothing more than a bare recitation of the elements of such a claim and does not contain any supporting factual allegations.  In response, Plaintiffs contend that they have stated a viable alter-ego claim and that they have not received full

responses to their discovery requests, which would have allowed them to provide supporting factual allegations.

The court is not persuaded that Plaintiffs' proposed alter-ego claim is futile. While Plaintiffs clearly could have provided more particularity, the court notes its ruling above concerning Defendant's failure to adequately and fully respond to all of Plaintiffs' discovery requests. Once Plaintiffs are provided with that discovery, the court cannot say that there will be lacking factual support for Plaintiffs' alter-ego claim to the extent that it would be subject to dismissal.

### B.  Undue Delay

When considering undue delay, the Tenth Circuit has indicated that "[l]ateness does not of itself justify the denial of the amendment." *Minter*, 451 F.3d at 1205 (quotations and citation omitted). The Tenth Circuit has instructed courts to "focus[] primarily on the reasons for the delay." *Id*. at 1206. The Tenth Circuit has "held that denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Id*. (quotations and citations omitted). Further, "[c]ourts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

In addition to showing that there was no undue delay, when

> an amendment is sought after the deadline for the amendment of pleadings set forth in a scheduling order, most circuits require that the parties show good cause as required under Rule 16(b) [of the Federal Rules of Civil Procedure]. The Tenth Circuit "has not

> ruled on [this] question in the context of an amendment to an existing pleading."

*DeMarco v. LaPay*, No. 2:09-cv-190-TS, 2011 U.S. Dist. LEXIS 124911, at *4-5 (D. Utah Oct. 27, 2011) (quoting *Bylin*, 568 F.3d at 1231 n.9) (second alteration in original) (footnotes omitted); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "However, it has noted the rough similarity between the good cause standard of Rule 16(b) and [the Tenth Circuit's] undue delay analysis under Rule 15 and that appellate courts that have applied Rule 16 have afforded wide discretion to district courts' applications of that rule." *DeMarco*, 2011 U.S. Dist. LEXIS 124911, at *4-5 (alteration in original) (quotations, citations, and footnotes omitted). "When applied, the good cause standard requires the . . . party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Id.*, at *5 (quotations and citation omitted).

Given the similarity between the rule 16(b) good cause standard and the undue delay analysis under rule 15, the court will consider them together. In this case, the court concludes that Plaintiffs have provided an adequate explanation for the delay in seeking leave to add Kellum and Anderson as parties. Again, the court notes its ruling above concerning Defendant's failure to adequately and fully respond to all of Plaintiffs' discovery requests. If Plaintiffs had received all of the requested discovery concerning Kellum and Anderson in a timely fashion, Plaintiffs may have been able to seek to add them as parties at a much earlier date. For these reasons, the court concludes that Defendants have demonstrated that there was no undue delay under rule 15 and that good cause exists under rule 16 to add Kellum and Anderson as parties.

### C. Prejudice

"The . . . most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207.

> Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues.

*Id*. at 1208 (quotations and citation omitted).

For the following reasons, the court concludes that Defendant will not be unduly prejudiced if Plaintiffs are provided with leave to add Kellum and Anderson as parties. First, Plaintiffs' addition of Kellum and Anderson is not based on new subject matter or factual issues that were not set forth in Plaintiffs' previous complaints. Second, discovery is ongoing, and Defendant will not be unfairly affected in terms of preparing its defense to the addition of Kellum and Anderson. Finally, this court has a strong preference for resolving cases on the merits, rather than on procedural technicalities. By allowing Plaintiffs to add Kellum and Anderson as parties, this case may be fully resolved on its merits.

### D. Conclusion on Plaintiffs' Motion for Leave to File Third Amended Complaint

Based on the foregoing, Plaintiffs' motion for leave to file a third amended complaint is granted. Plaintiffs' shall file their third amended complaint within ten (10) days of the date of this order.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED**:

1. Plaintiffs' motion to compel[8] is **GRANTED IN PART AND DENIED IN PART**, as detailed above.

2. Defendant's motion to quash a subpoena[9] is **DENIED**.

3. Defendant's motion for rule examinations of Plaintiffs[10] is **GRANTED**, as detailed above.

4. Defendant's motion to extend its expert report deadline is **GRANTED**, as detailed above.[11]

5. Plaintiffs' motion for leave to file a third amended complaint[12] is **GRANTED**, as detailed above.

**IT IS SO ORDERED**.

DATED this 30th day of January, 2014.

BY THE COURT:

*[signature]*

PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 36.

[9] *See* docket no. 47.

[10] *See* docket no. 55.

[11] *See* docket no. 56.

[12] *See* docket no. 39.