IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRIAG VON COLLENBERG and KATHERINE VON COLLENBERG, husband and wife and guardians and next friends of John Doe 1, a minor; *et al.*,<br><br>Plaintiffs,<br>v.<br><br>SILVERADO ACADEMY, LLC, *et al.*,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION<br><br>Case No. 2:11-cv-00574-DN-PMW<br><br>Chief District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

The Order issued by United States Magistrate Judge Paul M. Warner on September 18, 2014[1] grants in part and denies in part Plaintiff's emergency motion for a protective order concerning the Rule 35 examinations of Plaintiffs.[2] Pursuant to Rule 72(a), Defendants filed an objection[3] to the Order.

Defendants object to two provisions of Magistrate Judge Warner's order:

(1) "[T]he court is willing to allow Dr. Heilbrun to participate in the examinations. However, the court will only allow such participation to the extent that Dr. Heilbrun is utilized to assist Dr. Davies in the examinations. The reports of the examinations shall be prepared by Dr. Davies, and Dr. Davies alone. Dr. Davies shall not reference or incorporate the opinions of Dr. Heilbrun into the reports."[4]

---

[1] Order, docket no. 122.

[2] Plaintiffs' Expidited [sic] Motion and Memorandum for Protective Order Regarding Rule 35 Examinations, Motion to Strike, Motion to Compel, Motion for Sanctions and Request for Immediate Hearing, docket no. 121, filed September 17, 2014.

[3] Objection to Magistrate Judge Decision, docket no. 126, filed September 18, 2014.

[4] Order at 4, docket no. 122.

and

(2) "Defendants shall produce the final reports of Dr. Davies on or before October 3, 2014. Finally, Defendants shall make Dr. Davies available for a deposition on or before October 10, 2014."[5]

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), de novo review of all materials, including the record that was before the magistrate judge and the reasoning set forth in the Order, has been completed. The analysis and conclusion of the magistrate judge are correct and the Order will be adopted in whole. No hearing will be held concerning the objection.[6]

**Dr. Heilbrun's Participation**

Although Defendants voice displeasure with Magistrate Judge Warner's conclusion that Dr. Heilbrun may only assist Dr. Davies in the examinations and that the reports of the examinations shall be prepared by Dr. Davies without reference to the opinions of Dr. Heilbrun, this conclusion is correct. In fact, it is even more generous than the plain language of the September 8 Order, which provides Dr. Davies will perform the Rule 35 examinations without reference to any other doctor. While, it is true that Dr. Heilbrun was referenced in the motion papers and in letters, there is absolutely no mention of Dr. Heilbrun anywhere in the Order authorizing the examinations. Defendants seem to ignore this fact in their objection, referencing only the motion papers. The motion papers do not constitute the order. Therefore, there is no error in Magistrate Judge Warner's disposition that Dr. Heilbrun's participation should go no further than assistance in the examinations, and Dr. Davies reports should be prepared by Dr. Davies, and only by Dr. Davies.

---

[5] *Id.* at 5.

[6] DUCivR 72-3(b) ("Unless otherwise ordered by the assigned district judge, no response need be filed and no hearing will be held concerning an objection to a magistrate judge's order pursuant to Fed. R. Civ. P. 72(a) and 28 [U.S.C.] § 636 (b)(1)(A).").

**October 3 Deadline**

Defendants argue their experts need at least 125 working hours to collaborate and complete the reports, yet Defendants provide no explanation as to how the 125 hours is calculated. Instead, Defendants simply state time is needed to accommodate the doctors' busy schedules. In light of the imminence of trial and the fact that these examinations are taking place only a month from the scheduled trial date, the October 3 deadline is necessary to allow the parties time to conduct a deposition of Dr. Davies and digest the information before trial begins.

Accordingly, the Court ADOPTS the Order,[7] and Plaintiffs' objection is OVERRULED.

Signed September 19, 2014.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[7] Docket no. 122, entered September 18, 2014.